IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| VANESSA BAILEY, *et al.*, | * | |
| Plaintiffs, | * | |
| v. | * | Civil Action No. RDB-12-2546 |
| MAYOR AND CITY COUNCIL OF BALTIMORE, *et al.*, | * | |
| | * | |
| Defendants. | | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \*

## **MEMORANDUM OPINION**

Plaintiffs Hasson Tucker, Vanessa Bailey, Phyllis Quickley and Annette Walker (collectively "Plaintiffs"), proceeding *pro se*, initially brought this action against the Mayor and City Council of Baltimore, Police Commissioner Frederick H. Bealfeld, III and Officer Milton G. Smith, III (collectively "Defendants") in the Circuit Court for Baltimore City. Subsequently, Defendants removed this action before this Court based on federal question jurisdiction pursuant to 28 U.S.C. §§ 1441, 1331, and 1446. Mr. Tucker filed the Complaint (ECF No. 2) and Ms. Bailey, Ms. Quickley and Ms. Walker filed three virtually identical letters (Attach. 1, ECF No. 2) which have been incorporated into the Complaint. Plaintiffs allege that Defendants violated their constitutional right to be free of unreasonable searches and seizures as protected by the Fourth Amendment, and incorporated to the states by the Fourteenth Amendment. Although not explicitly stated in the Complaint, this Court assumes that Plaintiffs seek relief pursuant to 42 U.S.C. § 1983. Plaintiffs also appear to claim that Defendants violated Article 24 of the Maryland Declaration of Rights which protects substantive due process rights. Md. Const. Decl. of Rts. art. 24. Pending before this Court are Defendants Mayor and City Council of Baltimore and Police Commissioner Frederick H. Bealefeld, III's Motions to Dismiss (ECF Nos. 9 & 11).

1

Also pending are Plaintiffs' Motions to Amend (ECF No. 15), Appoint Counsel (ECF No. 17) and Reissue Summons (ECF No. 14). The parties' submissions have been reviewed and no hearing is necessary. *See* Local Rule 105.6 (D. Md. 2011). For the reasons that follow, Plaintiffs' Motion to Amend (ECF No. 15) is GRANTED in part and DENIED in part. Specifically, it is GRANTED as to the dismissal of Plaintiffs' claims against the Mayor and City Council of Baltimore and DENIED regarding the addition of the State of Maryland as a party to this action. As a result, Defendants Mayor and City Council of Baltimore and Police Commissioner Frederick H. Bealefeld, III's Motions to Dismiss (ECF Nos. 9 & 11) are MOOT. Plaintiffs' Motions for Reissuance of Summons (ECF No. 14) is DENIED and Plaintiff's Motion to Appoint Counsel (ECF No. 17) is DENIED as MOOT.

## BACKGROUND

This Court accepts as true the facts alleged in the Plaintiffs' Complaint.[1] *See Aziz v. Alcolac, Inc.*, 658 F.3d 388, 390 (4th Cir. 2011). Moreover, a *pro se* litigant's complaint should not be dismissed unless it appears beyond doubt that the litigant can prove no set of facts in support of his claim that would entitle him to relief. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). Plaintiffs allege that on or about December 20, 2008, law enforcement officials conducted searches and seizures on Plaintiffs' residences pursuant to a warrant signed by Baltimore County Circuit Court Judge Wanda Heard. *Id.* at ¶¶ 2, 5. Plaintiffs also allege that the warrant was supported by an affidavit signed by Officer Milton G. Smith, III. *Id.* Additionally, Plaintiffs claim that upon executing the warrant, Officer Smith and the other officers located Mr. Hasson Tucker and his vehicle at Ms. Walker's residence. *Id.* at ¶ 3. The officers allegedly took Mr. Tucker into custody and seized his vehicle. *Id.* Ms. Walker claims

---

[1] Mr. Tucker's Complaint and the letters filed by the other Plaintiffs do not include numbered paragraphs. Nevertheless, these documents are treated as if each included consecutively numbered paragraphs.

that she was Mr. Tucker's fiancé and Vanessa Bailey and Phyllis Quickley allege that they are members of Mr. Tucker's family. *Id.* at ¶¶ 2, 6. Ms. Bailey, Ms. Quickley and Ms. Walker allege that Defendants violated their rights under the Fourth Amendment and Article 24 of the Maryland Declaration of Rights and, although not explicitly stated in the Complaint, this Court assumes that they seek relief pursuant to 42 U.S.C. §1983. *Id.* at ¶ 10. Specifically, they argue that the execution of the searches and seizures "caused [them] irrevocable harm, [and] did injure [and] interfere with [their] legally protected interest[s]." *Id.* at ¶ 8. They argue that these searches and seizures "did invade [their] privacy, peace, effects and papers in [their homes]." *Id.* at ¶ 9.

Plaintiffs Hasson Tucker, Vanessa Bailey, Phyllis Quickley and Annette Walker (collectively "Plaintiffs"), proceeding *pro se*, initially brought this action against the Mayor and City Council of Baltimore, Police Commissioner Frederick H. Bealfeld, III and Officer Milton G. Smith, III (collectively "Defendants") in the Circuit Court for Baltimore City. Subsequently, Defendants removed this action before this Court based on federal question jurisdiction pursuant to 28 U.S.C. §§ 1441, 1331, and 1446.

STANDARD OF REVIEW

A. MOTION TO AMEND

Rule 15(a) of the Federal Rules of Civil Procedure instructs that a court "should freely give leave [to amend] when justice so requires." FED. R. CIV. P. 15(a)(2). Accordingly, the Fourth Circuit has held that "leave to amend a pleading should be denied only when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would have been futile." *Laber v. Harvey*, 438 F.3d 404, 427 (4th Cir. 2006); *see also Sciolino v. City of Newport News*, 480 F.3d 642, 651 (4th Cir. 2007).

### B. MOTION TO DISMISS

Under Federal Rule of Civil Procedure 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). Rule 12(b)(6) of the Federal Rules of Civil Procedure authorizes the dismissal of a complaint if it fails to state a claim upon which relief can be granted; therefore, "the purpose of Rule 12(b)(6) is to test the sufficiency of a complaint and not to resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Presley v. City of Charlottesville*, 464 F.3d 480, 483 (4th Cir. 2006). In ruling on such a motion, this Court is guided by the Supreme Court's instructions in *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) which "require complaints in civil actions [to] be alleged with greater specificity than previously was required." *Walters v. McMahen*, 684 F.3d 435, 439 (4th Cir. 2012) (citation omitted). The *Twombly* Court articulated "[t]wo working principles" courts must employ when ruling on Rule 12(b)(6) motions to dismiss. *Iqbal*, 556 U.S. at 678.

First, while a court must accept as true all the factual allegations contained in the complaint, legal conclusions drawn from those facts are not afforded such deference. *Id.* ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to plead a claim.). In the context of *pro se* litigants, however, pleadings are "to be liberally construed," and are "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citation omitted); *accord Brown v. N.C. Dept. of Corr.*, 612 F.3d 720, 724 (4th Cir. 2010). Second, even a *pro se* complaint must be dismissed if it does not allege "a plausible claim for relief." *Id.* at 679; *see also O'Neil v. Ponzi*, 394 Fed. App'x 795, 796 (2d Cir. 2010). Under the plausibility standard, a complaint must contain "more than labels and conclusions" or a "formulaic recitation of the

elements of a cause of action." *Twombly*, 550 U.S. at 555. Although the plausibility requirement does not impose a "probability requirement," *id.* at 556, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 663; *see also Robertson v. Sea Pines Real Estate Cos.*, 679 F.3d 278, 291 (4th Cir. 2012) ("A complaint need not make a case against a defendant or *forecast evidence* sufficient to *prove* an element of the claim. It need only *allege facts* sufficient to *state* elements of the claim.") (emphasis in original) (internal quotation marks and citation omitted). In short, a court must "draw on its judicial experience and common sense" to determine whether the pleader has stated a plausible claim for relief." *Iqbal*, 556 U.S. at 664.

## ANALYSIS

### A. MOTION TO AMEND

Plaintiffs seek to amend their Complaint by (1) dismissing their claims against the Mayor and City Council of Baltimore and Police Commissioner Frederick H. Bealfeld with prejudice and (2) adding the State of Maryland as a party to the action.[2] Rule 15(a) of the Federal Rules of Civil Procedure instructs courts to "freely give leave" to a party seeking to amend its pleadings "when justice so requires." FED. R. CIV. P. 15(a)(2). The Fourth Circuit has held that justice requires granting a party leave to amend unless the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would have been futile." *Laber v. Harvey*, 438 F.3d 404, 427 (4th Cir. 2006); *see also Sciolino v. City of Newport News*, 480 F.3d 642, 651 (4th Cir. 2007). A proposed amendment to a complaint is futile when it "is clearly insufficient or frivolous on its face." *Johnson v. Oroweat Foods Co.,* 785 F.2d 503, 510 (4th Cir. 1986).

---

[2] The Amendment is by interlineation.

In light of Defendants Mayor and City Council of Baltimore and Commissioner Bealefeld's Motions to Dismiss, Plaintiffs seeks to dismiss their claims against these Defendants with prejudice. Accordingly, Plaintiffs' claims against the Mayor and City Council of Baltimore and Commissioner Bealfeld are DISMISSED WITH PREJUDICE. Thus, Defendants Mayor and City Council of Baltimore and Police Commissioner Frederick H. Bealefeld, III's Motions to Dismiss are MOOT.

Plaintiffs also seek to add the State of Maryland as a party to this action. Under the Eleventh Amendment to the United States Constitution, without consent, a state, its agencies and departments are immune from suits in federal court brought by its citizens or the citizens of another state. *See Penhurst State School and Hospital v. Halderman*, 465 U.S. 89, 100 (1984). While the State of Maryland has waived its sovereign immunity for certain types of cases brought in State courts, *see* MD. STATE GOV'T CODE ANN., § 12-202(a), it has not waived its immunity under the Eleventh Amendment to suits in federal court. Because the State of Maryland is immune to suits in federal court, adding it as a party to this action would be futile. Thus, Plaintiffs' Motion to Amend is DENIED as to the addition of the State of Maryland as a party to this action.

### B. MOTION FOR REISSUANCE OF SUMMONS

Plaintiffs have filed a Motion for Reissuance of Summons as to Officer Milton G. Smith, III, the only remaining Defendant in this action. It is well established that a court has broad inherent power *sua sponte* to dismiss an action, or part of an action, which is frivolous or vexatious. *See Fitzgerald v. First East Seventh Street Tenants Corp.*, 221 F.3d 362-364 (2d Cir. 2000); *Baker v. Director, United States Parole Comm'n*, 916 F.2d 725, 726 (D.C. Cir. 1990) (per curiam); *Crowley Cutlery Co. v. United States*, 849 F.2d 273, 277 (7th Cir. 1988); *Brown v. District Unemployment Compensation Board*, 411 F. Supp. 1001 (D.C. 1975).

Plaintiffs allege that Officer Smith violated their Fourth Amendment rights to be free from unreasonable searches and seizures. Although not stated in the Complaint, this Court assumes that Plaintiffs seek relief pursuant to 42 U.S.C. § 1983. Plaintiffs also allege violations of their rights under Article 24 of the Maryland Declaration of Rights. Article 24 of the Maryland Declaration of Rights protects persons against unreasonable searches and seizures effected by law enforcement. *See* Md. Const. Decl. of Rts. art. 24. Article 24 claims are construed *in pari materia* to Fourth Amendment claims. *See Pickett v. Sears, Roebuck & Co.*, 775 A.2d 1218, 1224 (Md. 2001). Thus, "[t]he standard[ ] for analyzing [a] claim[ ] under [this article is] the same as for analyzing Fourth Amendment claims." *Henry v. Purnell*, 652 F.3d 524, 536 (4th Cir. 2011) (citing *Randall v. Peaco*, 927 A.2d 83, 89 (Md. App. 2007)).

A civil rights action under Section 1983 allows "a party who has been deprived of a federal right under the color of state law to seek relief." *City of Monterey v. Del Monte Dunes at Monterey, Ltd.*, 526 U.S. 687, 707 (1999). "Section 1983 'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.' " *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n.3, (1979)). To state a claim under Section 1983, a plaintiff must allege that: (1) "the conduct complained of was committed by a person acting under color of state law; and (2) . . . this conduct deprived a person of rights, privileges, or immunities secured by the Constitution or laws of the United States." *Parratt v. Taylor*, 451 U.S. 527, 535 (1981). Liability is appropriate under Section 1983 only to remedy violations of federally protected rights. *See Baker v. McCollan*, 443 U.S. at 145-46; *Clark v. Link*, 855 F.2d 156, 161, 163 (4th Cir. 1988). Because Plaintiffs are *pro se*, this Court will construe their Complaint as alleging claims against Officer Smith in both an individual and an official capacity.

Alleging individual liability under Section 1983 requires statements showing that the defendant personally acted to deprive the plaintiff of her rights. *See Wright v. Collins,* 766 F.2d 841, 850 (4th Cir. 1985). The defendant "must have had personal knowledge of and involvement in the alleged deprivation of appellant's rights in order to be liable." *Id.* "[T]o establish personal liability in a §1983 action, it is enough to show that the official, acting under color of state law, caused the deprivation of a federal right"). *See Hafer v. Melo,* 502 U.S. 21, 25 (1991) (citation and internal quotation marks omitted). In this case, Plaintiffs have alleged that Officer Smith was acting under color of law. Attach. 1, ¶10, ECF No. 2. What remains to be determined is whether they have stated a plausible claim that their rights, privileges or immunities secured by the Constitution or laws of the United States were violated.

Plaintiffs allege that Officer Smith executed a search and seizure pursuant to an unlawful warrant. Plaintiffs also allege that Officer Smith lacked probable cause to execute the searches and seizures. However, Plaintiffs fail to provide any evidence or reasoning regarding either of these assertions. Legal conclusions are not entitled to judicial deference. *See Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007) (stating that "courts 'are not bound to accept as true a legal conclusion couched as a factual allegation' ") (citations omitted). Ms. Bailey, Ms. Quickley and Ms. Walker each merely state that they "personally feel as though [the] 'search' violated the Constitution of the United States Amendment IV . . . and Article 24 of the Maryland Declaration of Rights." Attach. 1, ¶ 6, ECF No. 2. Ms. Bailey, Ms. Quickley and Ms. Walker offered nothing more than bare assertions of legal conclusions when each stated that the search and seizure "did invade [their] privacy, peace, effects and papers." Attach. 1, ¶ 9, ECF No. 2. In a similar fashion, Mr. Tucker alleges, "I feel that Detective Smith's premature decisions and conclusion . . . violated my rights under the Fourth Amendment of the Constitution of the United

8

States of America and possibly other Constitutional Rights." Complaint ¶ 2, ECF No. 2. Plaintiffs fail to provide more than "labels and conclusions" or "formulaic recitation[s] of the elements of a cause of action." *Twombly*, 550 U.S. at 555. Thus, Plaintiffs fail to state a claim against Officer Smith in his individual capacity.

To satisfy the pleading standard for official capacity suits, a plaintiff need only "set forth a plain statement of his claims giving the [official] fair notice of what his claims [were] and the grounds upon which they [rested]." *Edwards v. City of Goldsboro,* 178 F.3d 231, 244 (4th Cir. 1999). In an official-capacity suit under § 1983, a plaintiff must establish that the government entity was the "moving force" behind the deprivation, in that the "policy or custom" of the entity or official, "played a part in the violation of federal law." *Graham,* 473 U.S. at 166. Courts have found that such a policy or custom may be found in "formal or informal ad hoc 'policy' choices or decisions" made by officials who are authorized to conceive of such policies. *Spell v. McDaniel,* 824 F.2d 1380, 1385 (4th Cir. 1987). Plaintiffs do not identify any such policy or custom. Indeed, Plaintiffs' Compliant lacks any facts whatsoever concerning how federal law was violated. As a result, Plaintiffs' Complaint does not provide Officer Smith with the required fair notice. Thus, Plaintiffs fail to state a claim against Officer Smith in his official capacity

In sum, Plaintiffs' Complaint fails to sufficiently allege violations of their rights under either the Fourth Amendment or Article 24 of the Maryland Declaration of Rights against Officer Smith. As a result, Plaintiffs' claims against Officer Smith are DISMISSED WITHOUT PREJUDICE. Accordingly, Plaintiffs' Motion for Reissuance of Summons is DENIED.

C. **MOTION TO APPOINT COUNSEL**

Since all of Plaintiffs' claims have been dismissed, Plaintiffs' Motion to Appoint Counsel is moot. Nevertheless, even if Plaintiffs' Complaint had sufficiently stated a claim, this Court

would not grant Plaintiffs' Motion to Appoint Counsel. The power to appoint counsel under 28 U.S.C. § 1915(e)(1) is a discretionary one, and this Court must determine whether Plaintiffs present such exceptional circumstances as to warrant the appointment of counsel. *See Cook v. Bounds*, 518 F.2d 779, 780 (4th cir. 1975); *see also Branch v. Cole*, 686 F.2d 264, 266 (5th Cir. 1982). Whether such circumstances exist in a particular case depends on the characteristics of the claim and the litigant. *See Whisenant v. Yuam*, 739 F.2d 160, 163 (4th Cir. 1984), *abrogated on other grounds by Mallard v. U.S. District Court*, 490 U.S. 296, 298 (1989). Counsel should be appointed if a colorable claim exists but the litigant has no capacity to present it. *Id.*

Upon careful consideration of the motions and previous filings by Plaintiffs, this Court finds that Plaintiffs have demonstrated the wherewithal to either articulate the legal and factual basis of their claims themselves or secure meaningful assistance in doing so. The issues pending before this Court are not unduly complicated, and no hearing is necessary to the disposition of this case. In conclusion, there are no exceptional circumstances that would warrant the appointment of an attorney to represent Plaintiffs under Section 1915(e)(1).

## CONCLUSION

For the reasons stated above, Plaintiffs' Motion to Amend (ECF No. 15) is GRANTED in part and DENIED in part. Specifically, it is GRANTED as to the dismissal of Plaintiffs' claims against the Mayor and City Council of Baltimore and Police Commissioner Frederick H. Bealfeld, III and DENIED regarding the addition of the State of Maryland as a party to this action. Defendants Mayor and City Council of Baltimore and Police Commissioner Frederick H. Bealfeld, III's Motions to Dismiss (ECF Nos. 9 & 11) are MOOT. Plaintiffs' Motion for Reissuance of Summons (ECF No. 14) is DENIED and Plaintiffs' Motion to Appoint Counsel (ECF No. 17) is DENIED as MOOT.

A separate Order follows.

Dated: July 3, 2013

                                                                                            /s/
                                                          Richard D. Bennett
                                                          United States District Judge